IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2117-D

| | |
|---|---|
| TYMANE DEVON ADAMS, | ) |
| Petitioner, | ) |
| v. | ) **ORDER** |
| PAT MCCRORY and the STATE OF NORTH CAROLINA, | ) |
| Respondents. | ) |

On June 8, 2015, Tymane Devon Adams ("Adams" or "petitioner"), a pretrial detainee proceeding pro se, petitioned the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1]. On June 25, 2015, Adams refiled his petition on the proper form [D.E. 5] and applied to proceed in forma pauperis [D.E. 4]. On October 29, 2015, Adams filed a motion for summary judgment [D.E. 9]. The court now conducts a preliminary review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and dismisses the petition.

Adams challenges pending criminal proceedings against him based on various quotations from the United States Constitution. Am. Pet. [D.E. 5] 8. Adams also asserts that the state lacks jurisdiction to prosecute him because the relevant state statutes "contain no enacting clause" and "are not constitutionally binding on [him]." Id. 9. Adams also asserts that he "never entered or formed a contract with the courts." Id. Adams seeks "to be released from being held illegally and [his] cases dismissed." Id. 10.

"[H]abeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489 (1973) (quotation omitted); see Younger v. Harris, 401 U.S. 37, 43 (1971). In Braden, the Supreme Court allowed a pretrial detainee's habeas petition to proceed because the petitioner "was not attempting to litigate the merits of an affirmative defense to his state prosecution. Rather, Braden's habeas petition simply asked the federal courts to enforce the state's obligation to provide him with a state court forum." Brown v. Ahern, 676 F.3d 899, 902 (9th Cir. 2012) (quotation and alteration omitted). Here, Adams challenges the legality of the pending criminal proceedings and asks this court to order the state court to dismiss the charges against him. Am. Pet. 2, 8. He does not allege that the state court has refused to hear his case or allege any other deficiency in the state judicial process that would qualify as a "special circumstance" under Braden. Adams must, therefore, challenge the legitimacy of the charges against him as part of his state criminal action. See, e.g., Dragenice v. Ridge, 389 F.3d 92, 98 (4th Cir. 2004) (noting that a district court may properly dismiss a claim as premature and unexhausted by a detainee who is a party to a proceeding that "would address the very issue he [is] raising collaterally in his habeas petition"). Thus, the court dismisses the petition.

To the extent Adams objects to the typing of his name in all capital letters, see Mot. Summ. J. [D.E. 9] 1, his contention is absurd. See Fed. R. Civ. P. 10(a) (providing for document captions in civil actions); see also, e.g., Klaudt v. Dooley, No. Civ. 10-4091-KES, 2010 WL 5391571, at *8 (D.S.D. Dec. 22, 2010) (unpublished); Rout v. First Sav. Mortg. Corp., No. RWT 09cv3117, 2010 WL 1837720, at *3 (D. Md. May 5, 2010) (unpublished); Adams v. City of Marshall, No. 4:05-CV-62, 2005 WL 2739029, at *1 (W.D. Mich. Oct. 24, 2005) (unpublished) (collecting cases).

2

In sum, Adams's petition for habeas corpus relief [D.E. 1, 4] is DISMISSED. The court DENIES AS MOOT Adams's motion for summary judgment [D.E. 9] and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close this case.

SO ORDERED. This 11 day of November 2015.

JAMES C. DEVER III
Chief United States District Judge

3

Case 5:15-hc-02117-D   Document 10   Filed 11/12/15   Page 3 of 3